**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GERMAINE R. RUDDOCK,**

    **Plaintiff,**

vs.                                                             Case No.  4:21cv59-MW-MAF

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on January 22, 2021, by submitting a document entitled, "action for declaratory relief and temporary injunction." ECF No. 1. However, Plaintiff did not pay the filing fee or submit an in forma pauperis motion. An Order was entered on February 1, 2021, directing Plaintiff to do one or the other if he wanted to proceed with this case. ECF No. 5. In addition, Plaintiff was ordered to file a proper complaint on the complaint form provided to him. *Id.*

Subsequently, Plaintiff has filed numerous extraneous motions, ECF Nos. 6, 8-9, 11, 13, and a "writ of inquiry." ECF No. 15. All such motions

were denied and have generally been frivolous.[1]  In the course of reviewing those documents, it was discovered that Plaintiff had "three strikes" under 28 U.S.C. § 1915(g) and, thus, Plaintiff was more specifically directed to pay the filing fee for this case.  ECF No. 12.  Plaintiff's deadline to comply with that requirement, and to file a proper complaint, was March 31, 2021.  ECF Nos. 12, 14, and 16.

As of this date, Plaintiff has not complied with those Orders.  Indeed, Plaintiff has not demonstrated a good faith effort to litigate this case.  Despite the issuance of six (6) Orders between February and March 2021 reminding Plaintiff that he cannot proceed with this case until he complies with those Orders, Plaintiff has failed to do so.  Plaintiff has not paid the filing fee nor requested additional time to do so.  Moreover, Plaintiff has not filed a proper complaint.  Plaintiff has been warned in numerous Orders that a recommendation would be made to dismiss this case if he did not comply by the deadline provided.  It appears that Plaintiff has abandoned this litigation.

---

[1] For example, Plaintiff has filed motions for sanctions, ECF Nos. 8 and 13, a motion to appoint a special master, ECF No. 9, and motions "to certify the cause for the delay" in this proceeding.  ECF Nos. 6 and 11.

Case No. 4:21cv59-MW-MAF

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff has not complied with numerous Court Orders and has failed to prosecute this case, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 9, 2021.

  S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**